IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LACOYA MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:14-CV-1618-D (BF) |
| | § | |
| McDONALD'S CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred Defendant McDonald's Corporation's Motion for Sanctions or, Alternatively, to Compel Production of Documents, Interrogatories, and Oral Deposition to the United States Magistrate Judge for determination. For the following reasons, the magistrate judge determines that the motion should be granted and recommends that the District Court dismiss this case with prejudice pursuant to Fed. R. Civ. P. 37(d).

### Background

This is a *pro se* race discrimination in employment lawsuit. Plaintiff Lacoya Morgan, an African American, alleges that she was discriminated against and terminated from her employment at a McDonald's restaurant because of her race. Pl. Compl. (Doc. 3) at 2. Plaintiff filed this lawsuit on May 2, 2014, and Defendant timely answered on June 30. On July 11, the Court ordered the parties to confer regarding a scheduling order. Order (Doc. 14). Although Plaintiff initially cooperated with Defendant, she later failed to participate in a Rule 26 conference, and Defendant had to unilaterally file a proposed scheduling order. *See* Report (Doc. 17).

On August 14, 2014, McDonald's served Plaintiff with Requests for Production of Documents and Interrogatories by regular mail and certified mail. Def. Mot. (Doc. 19), Exh. 3. Plaintiff received the discovery requests on August 16, but failed to produce any documents or respond to the Interrogatories within the time allowed under the Federal Rules. On October 1 and October 28, defense counsel sent Plaintiff a letter – via regular mail, certified mail, and email – requesting that Plaintiff respond to Defendant's discovery requests. *Id.*, Ex. 4, 5. Plaintiff refused to claim the certified letters and did not respond to the letters sent via regular mail or the emails, none of which was returned as undeliverable. On November 5, defense counsel telephoned Plaintiff in a final effort to secure cooperation. Plaintiff answered and promised to fully respond to Defendant's written discovery requests by November 10. On November 13, defense counsel received Plaintiff's responses. However, Plaintiff's responses were incomplete. *See id.*, Ex. 6. She provided a few authorizations, but no documents in response to Defendant's document requests. She also failed to answer several interrogatories and neglected to verify the few interrogatories that she did answer.

Plaintiff also failed to appear for her properly noticed deposition on two occasions. Defense counsel sent emails to, and left phone messages for, Plaintiff regarding the date for her deposition. Def. Mot., Ex. 7. When Plaintiff did not respond, defense counsel sent Plaintiff a letter stating that, if Plaintiff did not provide acceptable dates by September 26, 2014, Defendant would notice her deposition for October 17. *Id.*, Ex. 8. Again, Plaintiff failed to respond to counsel's correspondence. Accordingly, Defendant noticed Plaintiff's deposition for October 17. *Id.*, Ex. 8. Defense counsel sent the deposition notice via regular mail, certified mail and email. Plaintiff failed to appear for her deposition on October 17. *Id.*, Ex. 9. Defense counsel then sent yet another letter to Plaintiff requesting her cooperation and informing her that Defendant intended to file a motion to compel

2

unless she promptly provided reasonable dates for her deposition. Plaintiff did not respond, and defense counsel began to prepare a motion to compel. On November 5, defense counsel telephoned Plaintiff to confer about the motion, and Plaintiff answered. Plaintiff confirmed that she had received counsel's multiple communications regarding discovery, but claimed that she failed to appear for her deposition because she was "busy." Plaintiff agreed to appear for her deposition on November 21, 2014. Defense counsel sent Plaintiff an amended notice of deposition the same day. *Id.*, Ex. 10. Defense counsel also sent Plaintiff a letter informing her that if Defendant would file a motion to compel if she failed to appear. Plaintiff failed to appear for her deposition on November 21. *Id.*, Ex. 11.

On November 25, 2014, Defendant filed the instant motion for sanctions, or in the alternative to compel, on grounds that Plaintiff has twice refused to appear for properly notice depositions, has failed to fully respond to written discovery requests, and has been generally non-cooperative with respect to her discovery obligations. By its motion, Defendant seeks an order dismissing Plaintiff's claims against it pursuant to Rule 37(d), as well as $2,308 in costs and attorney's fees incurred as a result of Plaintiff's conduct. Plaintiff failed to file a response to Defendant's motion. The court scheduled a hearing on Defendant's motion for January 22, 2015 at 9:00 A.M and ordered Plaintiff to attend the hearing *in person*. Order (Doc. 21). The court further ordered Plaintiff to bring with her to the hearing all documents responsive to Defendant's discovery requests which have not yet been produced and instructed her to be prepared to commence her deposition immediately following the hearing. *Id.* The court warned Plaintiff that her failure to appear in person at this hearing may result in the imposition of sanctions, including a recommendation to the District Court that this action be dismissed with prejudice and that Plaintiff pay Defendant's reasonable expenses, including

3

attorney's fees. *Id.* Plaintiff failed to appear at the hearing and did not communicate with the court regarding her absence. Defendant's motion for sanctions is now ripe for determination.

## Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, a court may impose sanctions on a party if the party fails to attend its own deposition or obey an order to provide or permit discovery. FED. R. CIV. P. 37(b)(2)(A) & (d)(1). Appropriate sanctions may include an order dismissing the action in whole or in part, and the district court's discretion to impose that sanction is broad. FED. R. CIV. P. 37(b)(2)(A)(i)-(vi) & 37(d)(3); *Moore v. CITGO Ref'g & Chem. Co.*, 735 F.3d 309, 316 (5th Cir. 2013). Several factors must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney; (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam). Further, "[i]nstead of or in addition to [the sanctions permitted under Rule 37], the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

A district court also has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may

be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Plaintiff twice failed to appear for her properly noticed deposition. She also failed to comply with the court's order to attend, and bring documents to, the hearing on Defendant's motion to compel that was held on January 22, 2015. Plaintiff has made no attempt to explain or justify these failures. There also is a clear record of delay and contumacious conduct in this case. Throughout the litigation, Plaintiff has failed to respond to defense counsel's efforts to obtain discovery and advance this litigation. She refused to cooperate in the preparation of a joint scheduling proposal and has failed to provide complete responses to Defendant's written discovery requests. Plaintiff, who is proceeding *pro se*, is entirely responsible for her conduct. Her repeated failures to cooperate with defense counsel have deprived Defendant of basic discovery and substantially prejudiced Defendant's ability to defend this lawsuit. Accordingly, the court determines that sanctions are appropriate under Fed. R. Civ. P. 37(d)(1)(A)(i) & (b)(2)(A). *See* FED. R. CIV. P. 37(d)(1)(A)(i) (court may order sanctions if party fails to attend properly noticed deposition); FED. R. CIV. P. 37(b)(2)(A) (court may order sanctions if party fails to obey an order to provide or permit discovery). The court further determines that an appropriate sanction is a order dismissing this action with prejudice. This extreme sanction is warranted here because Plaintiff has repeatedly shown that she has no regard for fundamental discovery processes or this court's authority. She frustrated defense counsel's legitimate attempts to obtain discovery and completely ignored an express order from the court. A less drastic sanction would not substantially achieve the desired deterrent effect.

Dismissal with prejudice is also appropriate under Fed. R. Civ. P. 41(b). "A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." *See Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. Nov.17, 2011) (per curiam). Plaintiff has shown very little interest in pursuing her claims. She ignored the District Court's order to participate in a Rule 26 conference, neglected her discovery obligations, and failed to cooperate with defense counsel. She failed to file a response to Defendant's motion for sanctions and blatantly disregarded the court's order to attend the January 22 hearing on the motion. Her conduct is particularly egregious given that she was specifically warned that her failure to attend the hearing could result in the dismissal of her case. Despite the fact that this case has been pending for more than nine months, it has not advanced beyond the nascent stages. This failure to advance is entirely Plaintiff's fault. It is clear that lesser sanctions would not prompt Plaintiff to begin diligently prosecuting this case. Dismissal with prejudice is warranted under these circumstances.

## RECOMMENDATION

The District Court should GRANT Defendant's Motion for Sanctions (Doc. 19) and DISMISS this case with prejudice.

SO RECOMMENDED, January 26, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).